UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD WAYNE BLAIR,

    Petitioner,

v.

DANIEL WHITE,

    Respondent.

CASE NO. 3:18-CV-05771-BHS-DWC

ORDER DENYING MOTION TO APPOINT COUNSEL FOR EVIDENTIARY HEARING

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Currently pending in this action is Petitioner Richard Wayne Blair's Motion to Appoint Counsel for Evidentiary Hearing ("Motion").[1] Dkt. 14.

There is no right to appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129,

---

[1] Petitioner originally filed his Motion on December 21, 2018, and attached it to his Reply in support of his habeas petition. *See* Dkt. 12. On January 3, 2019, the Court directed the Clerk to docket the Motion, along with Petitioner's Declaration in Support of Motion to Appoint Counsel ("Declaration"), as separate docket entries. Dkt. 13. Petitioner's Motion and Declaration were docketed on January 3, 2019. Dkts. 14, 15. Defendant filed a Response on January 4, 2019. Dkt. 16.

ORDER DENYING MOTION TO APPOINT
COUNSEL FOR EVIDENTIARY HEARING - 1

1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so requires." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Petitioner argues the Court should appoint counsel for an evidentiary hearing because he has developed the factual basis for a federal habeas claim. Dkt. 12, p. 1.

The Court has not determined an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Additionally, Petitioner has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, in the Statement of Additional Grounds for Review that Petitioner submitted to the Washington Court of Appeals, Petitioner was able to clearly describe the legal and factual grounds for his due process claim. *See* Dkt. 11, Exhibit 5. Petitioner has also not shown a likelihood of success on the merits of his Petition. Accordingly, appointment of counsel is not necessary for the interest of justice.

As Petitioner has not shown appointment of counsel is appropriate at this time, the Motion is denied without prejudice.

Dated this 18th day of January, 2019.

David W. Christel
United States Magistrate Judge